VAN DER VEEN, HARTSHORN AND LEVIN
BY:   Michael T. van der Veen
       ID No. 75616
       1219 Spruce Street
       Philadelphia, PA 19107
       P: (215) 546-1000
       F: (215) 546-8529       ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| **KIMBERLY PETERKIN**<br>2904 N. Bonsall Street<br>Philadelphia, PA 19132 | UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF<br>PENNSYLVANIA |
| vs. | |
| | No. |
| **HOLIDAY INN ATLANTA<br>NORTHLAKE,** d/b/a Holiday Inn<br>2158 Ranchwood Drive<br>Atlanta, GA 30345 | ARBITRATION MATTER |
| **PHP INVESTMENTS, INC.**<br>2158 Ranchwood Drive<br>Atlanta, GA 30345 | |
| **2 BARAKA LLC**<br>1500 Market Boulevard<br>Roswell, GA 30076 | |
| **INTERCONTINENTAL HOTELS<br>GROUP, INC.**<br>3 Ravinia Drive, Suite 100<br>Atlanta, GA 30346 | |
| **INTERCONTINENTAL HOTELS<br>GROUP RESOURCES, INC.**<br>3 Ravinia Drive, Suite 100<br>Atlanta, GA 30346 | |

## COMPLAINT IN CIVIL ACTION

    1.    Plaintiff Kimberly Peterkin is an adult individual who, at all times relevant hereto, resided at the address indicated above.

2. Defendant Holiday Inn Atlanta Northlake, d/b/a Holiday Inn, is a business entity duly organized and existing under applicable law with a principal place of business located at the address indicated above.

3. Defendant PHP Investments, Inc. is a business corporation duly organized and existing under applicable law with a principal place of business located at the address indicated above.

4. Defendant 2 Baraka LLC is a limited liability corporation duly organized and existing under applicable law with a principal place of business located at the address indicated above.

5. Defendant Intercontinental Hotels Group, Inc. is a business corporation duly organized and existing under applicable law with a principal place of business located at the address indicated above.

6. Defendant Intercontinental Hotels Group Resources, Inc. is a business corporation duly organized and existing under applicable law with a principal place of business located at the address indicated above.

7. This Court has subject matter jurisdiction over this matter pursuant to pursuant to 28 U.S.C. § 1332.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), et al.

9. At all times relevant and material hereto, Defendants were acting through their agents, servants, employees and/or representatives, all of whom were acting within the course and scope of their employment.

10. Defendants are liable for the acts and omissions of their agents, servants, employees and/or representatives through the doctrines of vicarious liability and respondeat superior.

11. At all times relevant and material hereto, Defendants owned, operated, occupied, controlled, maintained, managed and/or possessed the premises and facility located at 2158 Ranchwood Drive, Atlanta, GA 30345 and on that premises operated the Holiday Inn Atlanta Northlake Hotel (hereinafter referred to as the "Premises").

12. At all times relevant and material hereto, Defendants were responsible for the maintenance and repair of the Premises, including the sidewalks and ramps located thereon.

13. On or about August 15, 2020, Plaintiff was a business invitee at the Premises.

14. On this date, there existed a dangerous condition at the Premises, and specifically, a wet concrete driveway and/or walkway and ramp without proper slip and fall protection and signage as described below.

15. On the aforementioned date, Plaintiff, while exercising reasonable care, was walking on the aforementioned driveway and/or walkway and ramp when she was caused to slip and fall due to the water on the same, thereby suffering severe and permanent injuries, as described below.

16. Defendants, through their agents, servants, representatives and/or employees knew, or should have known of the dangerous, wet and slippery conditions on the aforementioned driveway and/or walkway and ramp and that individuals, including Plaintiff, would encounter the slippery conditions when walking on same, or upon reasonable investigation could have discovered same.

17. Defendants had a duty to exercise reasonable care to ensure that the aforementioned driveway and/or walkway and ramp were safe for patrons to walk upon.

18. In breach of the aforesaid duty, Defendants allowed a dangerous condition to exist on the aforementioned driveway and/or walkway and ramp.

19. Despite their actual and/or constructive notice of the dangerous condition, Defendants failed to take any steps to timely remedy the dangerous condition.

20. The negligence of Defendants consisted of the following acts and/or omissions to act:

   a. Failed to keep their Premises free of water and/or wet and slippery conditions;
   b. Failed to take proper precautions to provide stability for patrons traversing the wet driveway and/or walkway and ramp and/or the Premises;
   c. Failing to have the proper type of mat at the proper location on the Premises;
   d. Failed to keep the Premises dry and free of puddles of water and/or wet and slippery conditions for patrons;
   e. Failed to warn patrons of the wet driveway and/or walkway and ramp with signs or by stationing a representative to alert patrons of the danger of the same;
   f. Failed to maintain and/or adequately maintain the aforementioned driveway and/or walkway and ramp on the Premises;
   g. Failed to inspect and/or adequately inspect the aforementioned driveway and/or walkway and ramp on the Premises;
   h. Failed to remove the water from the aforementioned driveway and/or walkway and ramp on the Premises in a timely manner;
   i. Failed to maintain and/or adequately maintain the aforementioned driveway and/or walkway and ramp and the Premises;
   j. Failed to have or have adequate policies and procedures for inspecting and maintaining the aforementioned driveway and/or walkway and ramp on the Premises;
   k. Failing to follow their policies and procedures for inspecting and maintaining the aforementioned driveway and/or walkway and ramp on the Premises;
   l. Creating the dangerous condition on the Premises, which the Defendants knew or should have known created a hazard;
   m. Failing to provide warning signs that alerted Plaintiff of the aforementioned dangerous condition of the Premises.
   n. Failing to take reasonable precautions against the aforementioned dangerous condition;
   o. Failing to properly and adequately hire and/or instruct the agents, servants, workmen, employees and/or representatives of the Defendants herein as to safe and proper procedures for inspecting, maintaining and repairing the Premises, including the area of the dangerous condition;
   p. Failing to furnish a reasonable number and distribution of safety personnel and safety equipment to the Premises;
   q. Failure to respond in a timely manner to the aforementioned dangerous condition; and
   r. Failing to properly train, supervise or otherwise instruct its employees, agents, servants or workmen in the proper procedure to correct the dangerous condition.

21. As a direct and proximate result of the negligence of the Defendants, Plaintiff was caused to fall and suffer serious and permanent injuries, including, but not limited to: disc herniation at L5-S1; bulging annulus at L4-5; lumbar spine sprain/strain; traumatic rupture of the lumbar intervertebral disc; lumbar radiculopathy and intervertebral disc displacement, lumbar region, all or some of which injuries are or will prove to be of a permanent nature and character, whereby Plaintiff has suffered, is suffering and will for an indefinite time into the future suffer, all to Plaintiff's great detriment and loss, financial and otherwise.

22. As a further direct and proximate result of the Defendants' negligence and carelessness, Plaintiff has suffered in the past and may in the future, inconvenience, embarrassment, emotional distress, humiliation, scarring, pain and suffering and loss of life's pleasures, all to her great detriment and loss, financial and otherwise.

23. As a further direct and proximate result of Defendants' negligence and carelessness, Plaintiff has been in the past and may continue in the future to be unable to attend her daily activities, avocations and occupations, all to her great loss and detriment, financial and otherwise.

24. As a further direct and proximate cause of Defendants' negligence and carelessness, Plaintiff has in the past and may in the future be required to expend monies for medical care, prescriptions and physical therapy in attempting to treat the injuries caused by the carelessness and negligence of the Defendants, all to her great loss and detriment, financial and otherwise.

25. As a further direct and proximate cause of Defendants' negligence and carelessness, Plaintiff has or may hereafter incur other financial expenses or losses to which she may otherwise be entitled to recover.

26. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff suffered the injuries and damages as described above.

**WHEREFORE**, Plaintiff demands that judgement be entered in her favor and against Defendants, plus interest and costs.

                                              **VAN DER VEEN, HARTSHORN AND LEVIN**

Dated: 7/26/22                 BY: _____
                                                     Michael T. van der Veen, Esq.
                                                       Attorney for Plaintiff

## VERIFICATION

I, Kimberly Peterkin , verify that I am the Plaintiff herein and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

I further understand that this statement is subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

Signed: *(signature)*  Dated: 7/26/2022